FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 AUG 29 PM 2: 46
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA　　*
　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　*　　CR 302-005-3
　　　　　　　　　　　　　　　*
ANTHONY V. CONEWAY　　　　　　*

O R D E R

In the captioned criminal matter, Defendant Anthony V. Coneway has filed pro se motions to reduce his sentence. The Government opposes the motions. The Court resolves the matter as follows.

Defendant was convicted by a federal jury in 2002 on one count of distribution of cocaine hydrochloride; one count of distribution of 50 grams or more of cocaine base ("crack cocaine"); and one count of conspiracy to possess with intent to distribute and to distribute less than 500 grams of cocaine hydrochloride and 50 grams or more of crack cocaine. At sentencing on April 24, 2003, the Presentence Investigation Report ("PSI") attributed 78.6 grams of crack cocaine to Defendant. At that time, this amount of crack cocaine carried a statutory minimum sentence of ten years and statutory maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2003). The Court determined Defendant's guideline range to be 121 to 151 months imprisonment. Defendant was

sentenced to serve 144 months imprisonment on each count, to be served concurrently and to be followed by five years of supervised release.

On June 5, 2008, the Court granted Defendant's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 706 to the United States Sentencing Guidelines, which lowered the base offense level assigned to each threshold quantity of crack cocaine by two levels. Amendment 706 reduced Defendant's guideline range to 97 to 121 months. The Court reduced Defendant's sentence to 108 months, which was below the mandatory minimum range prescribed by statute for the crack cocaine offense. The Government did not appeal.

On October 8, 2010, Defendant was released from federal custody. On June 27, 2014, while on supervised release, Defendant was arrested in Arizona after state authorities discovered approximately 662 pounds of marijuana in a tractor-trailer driven by Defendant. This Court issued a warrant to be lodged as a detainer with the Arizona state authorities for violation of Defendant's supervised release. Defendant was subsequently sentenced to a term of imprisonment in the State of Arizona. Upon his release from state custody, Defendant was arrested and transported to this District. On December 17, 2018, this Court revoked Defendant's term of supervised release and sentence him to 24 months of imprisonment.

At present, Defendant has filed two motions for sentence reduction. Both motions effectively seek application of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which was signed by the President on August 3, 2010 - one month prior to Defendant's release from federal prison on the original drug offenses.

The Fair Sentencing Act reduced the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1. Section 2 of the Fair Sentencing Act increased the quantities of crack cocaine necessary to trigger the statutory mandatory minimums for violations of 21 U.S.C. § 841. Section 2, however, did not apply retroactively until Congress recently passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the First Step Act makes retroactive the modified statutory penalties of Section 2 of the Fair Sentencing Act, allowing courts to reduce sentences as if Section 2 were in effect at the time the covered offense was committed.

The Fair Sentencing Act also instructed the United States Sentencing Commission to conform the applicable guideline provisions. Accordingly, the Commission promulgated conforming emergency Guideline amendments, effective on November 1, 2010; a permanent version of those Guidelines took effect on November 1, 2011. These Amendments were promulgated after Defendant had

3

completed his term of imprisonment for distribution of crack cocaine.

At his revocation hearing in December 2018 and again in his present motions, Defendant contends that he never received the benefit of the 18-to-1 ratio that came about as a result of the Fair Sentencing Act. A court, however, may only modify a term of imprisonment a) if the term of imprisonment is based upon a sentencing range that has subsequently been lowered by the Sentencing Commission, 18 U.S.C. § 3582(c)(2), or b) "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B). Importantly, the term of imprisonment that Defendant is serving is not based upon his distribution of crack cocaine. Rather, it is a separate and distinct offense, i.e., a violation of supervised release. The sentencing range upon which it is based has not been subsequently lowered by the Sentencing Commission, and there is no other statute that would permit a reduction of his sentence. To the extent that Defendant is seeking application of the lower sentencing guidelines promulgated pursuant to the Fair Sentencing Act, the United States Sentencing Commission has stated the following with respect to the application of amended guidelines:

> **Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.** This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

See U.S.S.G. § 1B1.10 cmt. n.7(a) (emphasis added).

In short, Defendant is not entitled to a sentence reduction through application of the Fair Sentencing Act, the amended guideline ranges promulgated thereunder, or the First Step Act. These changes in the law simply have no effect on the term of imprisonment he is currently serving based upon revocation of supervised release. Accordingly, Defendant's motions for reduction of sentence (doc. nos. 544 & 546) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE